UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV-24-1858-DMG (MRWx) | Date | March 14, 2024 |
| Title | Mary Jo Wright v. Walmart, Inc., et al. | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS— ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 25, 2023, Plaintiff Mary Jo Wright filed a Complaint in Los Angeles County Superior Court alleging one cause of action for premises liability against Defendant Walmart, Inc. Plaintiff's claim is based on an accident in which a third-party driver hit Plaintiff while she was walking in the parking lot of a Walmart located in Palmdale, California. [Doc. # 2-2.] Walmart was served with the Complaint on February 14, 2024. [Doc. # 2-4.] On March 8, 2024, Walmart filed a Notice of Removal to this Court, asserting that this Court has diversity jurisdiction over the case under 28 U.S.C. section 1332. [Doc. # 2 ("NOR")].

Diversity jurisdiction under section 1332 requires that the parties to the suit are of diverse citizenship and that the amount in controversy exceeds $75,000. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted).

In determining whether the removing party has met its burden, courts in the Ninth Circuit consider facts presented in the removal petition as well as any "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations regarding the amount in controversy will not suffice. *Id.* at 1090–91.

Walmart has provided insufficient facts for the Court to determine that the action satisfies the $75,000 threshold. Walmart bases its removal solely on the fact that Wright's counsel stated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV-24-1858-DMG (MRWx) | Date | March 14, 2024 |
| Title | *Mary Jo Wright v. Walmart, Inc., et al.* | Page | 2 of 2 |

in a demand letter that "[w]e estimate that Mrs. Wright's claim has a jury verdict value of $750,000." NOR ¶ 13. While a settlement letter is "relevant evidence of the amount in controversy," it is not, by itself, determinative. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Further, in the same demand letter, Wright's damages are specified as being $28,141.03, which does not meet the $75,000 threshold and is significantly lower than the $750,000 estimate. [Doc. # 2-5 at 5].[1] The substantial difference between Wright's specified damages and the estimated "jury verdict value" suggests that $750,000 may not be a "reasonable estimate of the plaintiff's claim." *See Cohn*, 281 F.3d at 840 (considering the consistency of the plaintiff's estimated value of his claim in determining its reasonableness).

Walmart, Inc. is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. It shall file its response **by no later than March 21, 2024**. Plaintiff may file a reply **by no later than March 28, 2024**.

**IT IS SO ORDERED.**

---

[1] Page citations herein refer to the page number inserted by the CM/ECF system.